# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| OSAMA ABDELFATTAH | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1858 (HHK) |
| | ) | |
| UNITED STATES IMMIGRATION | ) | |
| AND CUSTOMS ENFORCEMENT | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, defendant, the United States Immigration and Customs Enforcement (DHS-ICE), a sub-component of the United States Department of Homeland Security, respectfully moves for summary judgment. As grounds for this motion, defendant asserts that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.[1] A memorandum of points and authorities, a statement of genuine issues of

---

[1] Plaintiff should take notice that any factual assertions contained in the affidavits and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the defendant's attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers

material fact not in dispute, and a proposed order granting the relief sought are attached hereto.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 514-7224
Attorneys for Defendant

_____

to interrogatories, or further affidavits. When a motion for
summary judgment is made and supported as provided in this rule,
an adverse party may not rest upon the mere allegations or denials
of the adverse party's pleading, but the adverse party's response, by
affidavits or as otherwise provided in this rule, must set forth
specific facts showing that there is a genuine issue for trial. If the
adverse party does not so respond, summary judgment, if
appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **OSAMA ABDELFATTAH** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1858 (HHK)** |
| | ) | |
| **UNITED STATES IMMIGRATION** | ) | |
| **AND CUSTOMS ENFORCEMENT** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## STATEMENT OF MATERIAL FACTS AS TO WHICH
## <u>THERE IS NO GENUINE ISSUE</u>

Pursuant to Local Rule 7(h), the defendant hereby submits the following material facts as to which there is no genuine dispute:

1.    On August 31, 2006, defendant received a FOIA request, by e-mail, from the plaintiff, for any records about the plaintiff in all the systems of records under the jurisdiction of Immigration Customs and Enforcement (ICE) system of records, including Treasury Enforcement Communications System (TECS) and investigation records. See Declaration of Reba A. McGinnis, (McGinnis Decl.),¶ 5.

2.    Defendant's Information Disclosure Unit (IDU)  conducted a comprehensive search for records responsive to the plaintiff's FOIA request, including TECS, Enforcement Case Tracking System (ENFORCE), Law Enforcement Analysis Data System (NetLEADS), Central Index System (CIS), Computer Linked Application Information Management System (CLAIMS), and

the public website, Accurint using the plaintiff's name and date of birth as the search criteria. The searches yielded a total of one hundred and thirteen (113) pages of records responsive to the FOIA request. McGinnis Decl., ¶ 6.

3.      From the search of these various databases conducted, defendant determined that no additional responsive information, other than the one hundred and thirteen pages (113) produced, existed. McGinnis Decl., ¶ 13.

4.      In a letter dated September 15, 2006, defendant notified, Eileen C. Bretz, Esq., plaintiff's counsel, of the release of eighty-nine (89) pages of records with certain information withheld pursuant to exemptions (b)(2) and (b)(7)(C) of the FOIA. Twenty-four (24) pages of records were withheld in their entirety pursuant to exemptions (b)(2), (b)(5) and (b)(7)(C) of the FOIA. McGinnis Decl., ¶ 14.

5.      Upon subsequent review of the records withheld in their entirety, defendant determined that FOIA exemption (b)(5) was erroneously asserted. McGinnis Decl., ¶ 15.

6.      On October 15, 2007, plaintiff filed this FOIA complaint alleging that he filed an appeal to the ICE Appeal's Office in Washington, DC. See Complaint, p. 1. Plaintiff attached a copy of a certified mail receipt to the "[Department of Homeland Security] DHS Privacy Office" to his Complaint. Id.

7.      On February 28, 2008, defendant moved, with the consent of plaintiff, for a Stay of Proceedings, upon confirming that the DHS Privacy Office had no record of receiving plaintiff's appeal. See Motion to Stay Proceedings, PACER Docket No.("R.") 7. Defendant requested that plaintiff submit a new appeal, because defendant's correspondence systems did not maintain any records of receipt of certified mail Id.

8.     On April 9, 2008, defendant responded to plaintiff's appeal. See Attachment A, Letter,

dated April  9, 2008, Re: Appeal decision affirmed.


                              Respectfully submitted,


                              _____
                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                              United States Attorney


                                 /s/
                              _____
                              RUDOLPH CONTRERAS, D.C. Bar # 434122
                              Assistant United States Attorney


                                 /s/
                              _____
                              WYNEVA JOHNSON, DC Bar #278515
                              Assistant United States Attorney

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| OSAMA ABDELFATTAH )<br><br>)<br><br>)<br>Plaintiff, )<br><br>)<br>v. )<br><br>)<br>UNITED STATES IMMIGRATION )<br>AND CUSTOMS ENFORCEMENT )<br><br>)<br><br>)<br>Defendant. )<br><br>)<br>)  | Civil Action No. 07-1858 (HHK) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

_____Plaintiff Osama Abdelfattah  filed this FOIA complaint alleging that he filed an appeal to the ICE Appeal's Office in Washington, DC. See Complaint, p. 1.  Plaintiff attached a copy of a certified mail receipt to the "[Department of Homeland Security] DHS Privacy Office" to his Complaint. Id.  On February 28, 2008, defendant moved, with the consent of plaintiff,  for a Stay of Proceedings to process the appeal, defendant responded to plaintiff's appeal on April 9, 2008. Through this motion, defendant United States Department of Homeland Security on behalf of its sub-component, the DHS-ICE hereby requests that the Court enter summary judgment in its favor and dismiss this matter with prejudice.  As set forth below, defendant has adequately justified all materials withheld from disclosure pursuant to the relevant FOIA exemptions.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On August 31, 2006, defendant received a FOIA request, by e-mail, from the plaintiff, for any records about the plaintiff in all the systems of records under the jurisdiction of Immigration Customs and Enforcement (ICE) system of records, including Treasury Enforcement Communications System (TECS) and investigation records. See Declaration of Reba A. McGinnis, (McGinnis Decl.),¶ 5.

Defendant's Information Disclosure Unit (IDU)  conducted a comprehensive search for records responsive to the plaintiff's FOIA request, including TECS, Enforcement Case Tracking System (ENFORCE), Law Enforcement Analysis Data System (NetLEADS), Central Index System (CIS), Computer Linked Application Information Management System (CLAIMS), and the public website, Accurint using the plaintiff's name and date of birth as the search criteria. The searches yielded a total of one hundred and thirteen (113) pages of records responsive to the FOIA request. McGinnis Decl.,¶ 6.

From the search of these various databases conducted, defendant determined that no additional responsive information, other than the one hundred and thirteen pages (113) produced, existed. McGinnis Decl.,¶ 13.

In a letter dated September 15, 2006, defendant notified  Eileen C. Bretz, Esq., plaintiff's counsel, of the  release of eighty-nine (89) pages of records with certain information withheld pursuant to exemptions (b)(2) and (b)(7)(C) of the FOIA. Twenty-four (24) pages of records were withheld in their entirety pursuant to exemptions (b)(2), (b)(5) and (b)(7)(C) of the FOIA. McGinnis Decl.,¶ 14.

Upon subsequent review of the records withheld in their entirety, defendant determined

that FOIA exemption (b)(5) was erroneously asserted. McGinnis Decl.,¶ 15.

On October 15, 2007, plaintiff filed this FOIA complaint alleging that he filed an appeal to the ICE Appeal's Office in Washington, DC. <u>See</u> Complaint, p. 1.  Plaintiff attached a copy of a certified mail receipt to the "[Department of Homeland Security] DHS Privacy Office" to his Complaint. <u>Id</u>.

On February 28, 2008, defendant moved, with the consent of  plaintiff,  for a Stay of Proceedings, upon confirming that the DHS Privacy Office had no record of receiving plaintiff's appeal.  <u>See</u> Motion to Stay Proceedings, PACER Docket No.("R.") 7.  Defendant requested that plaintiff submit a new appeal, because defendant's correspondence systems did not maintain any records of receipt of certified mail <u>Id</u>.

On April 9, 2008, defendant responded to plaintiff's appeal. See Attachment A, Letter, dated April  9, 2008, Re: Appeal decision affirmed.

## II.  <u>ARGUMENT</u>

### A.    SUMMARY JUDGMENT STANDARD

In a FOIA/PA action, summary judgment is appropriate when, as here, the pleadings, together with the declarations, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R Civ. P. 56(c); <u>Alyeska Pipeline Serv. Co, v. EPA</u>, 856 F.2d 309, 313 (D.C. Cir. 1988) (conflict in declarations alone insufficient to preclude entry of summary judgment). The Court exercises de novo review over FOIA matters, and the burden is on the agency to justify all non-disclosures. 5 U.S.C. § 552(a)(4)(B); <u>Department of Justice v. Reporters Comm. For Freedom of the Press</u>, 489 U.S. 749, 755 (1989). In carrying its burden, agencies may rely on declarations of government

officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith. Oglesby v. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see Hayden v. National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979). Once the Court determines that the declarations are sufficient, it need not inquire further. See Halperin v. CIA, 629 F.2d 144, 148 (D.C. Cir. 1980); see, e.g., Pub. Citizen v. Dep't of State, 276 F.3d 634, 645 (D.C. Cir. 2002) (finding agency's affidavits sufficiently detailed to support Exemption 1 withholding and determining that subsequent release of some previously classified information was not evidence of bad faith);Students Against Genocide v. Dep't of State, 257 F.3d 828, 837 (D.C. Cir. 2001) (applying Halperin standard to waiver issue and finding that Department of State adequately explained how national security concerns were not undermined -- and Exemption 1 was not waived -- by display of intelligence photographs to United Nations Security Council representatives from other countries). Because defendant here has released all non-exempt responsive documents on claims challenged by the plaintiff, summary judgment should be granted.

**B.**         **Defendant Has Adequately Justified Its Withholding of Records.**

        **1.  DHS-ICE Has Justified its Invocation of Freedom of Information Act Exemptions**

        **a.  DHS-ICE Properly Applied Exemption 2**

Title 5, United States Code, Section 552 (b)(2) (hereinafter Exemption 2) exempts from mandatory disclosure records "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). DHS-ICE has asserted Exemption 2 of the FOIA under a low (b)(2) exemption with respect to internal agency information that appear on responsive records.

Specifically, program codes, database function codes, event numbers, admission numbers and codes, status codes, employee identification codes, action codes, case file numbers and other administrative codes were exempted. Exemption 2 of the FOIA under a high (b)(2) was asserted by defendant for investigative procedures in addition to database codes and numbers and the telephone number of an ICE Special Agent appearing in the database printouts. McGinnis Decl. ¶ 17.

Exemption 2 applies primarily to two types of materials: (1) internal agency matters so routine or trivial that they could not be "subject to ... a genuine and significant public interest;" and (2) internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations. Department of Air Force v. Rose, 425 U.S. 352, 369-70 (1976); National Treasury Employees Union v. United States Custom Service, 802 F.2d 525, 528-30 (D.C. Cir. 1986); Crooker v. Bureau of Alcohol, Tobacco and Firearms, 670 F.2d 1051, 1073-74 (D.C. Cir. 1981).

DHS-ICE has asserted Exemption (low) (b)(2) of FOIA as to internal agency information that appear on records that are responsive to plaintiff's request. McGinnis Decl., ¶17. Specifically, defendant exempted from disclosure program codes, database function codes, event numbers, admission numbers and codes, status codes, employee identification codes, action codes, case file numbers and other administrative codes. Id. The codes and numbers appearing on the database printouts are used for the purposes of indexing, storing, locating, retrieving and distributing information in agency law enforcement files. Id. While these codes and numbers have internal significance, they are trivial in nature and bear no relation to the substantive contents of the records. Id. Therefore, the disclosure of these codes to the public would not

assist the public in understanding how the agency is carrying out its statutory responsibilities. Defendant also withheld the telephone number of an ICE Special Agent.  Id.  Telephone numbers relate to the internal practices of the agency in that they are to be utilized by agency personnel in the performance of their duties.  Id.  The disclosure of these numbers would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  Id.

Exemption 2 of the FOIA exempts from mandatory disclosure records "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552 (b)(2).  The information need not be actual rules or practices; agencies can invoke Exemption 2 for matters *related* to rules and practices as well.  Department of the Air Force v. Rose, 425 U.S. 352, 369 (1976) (emphasis added).  Exemption 2 envelops two discrete categories of information.  Schiller v. NLRB, 964 F.2d 1205, 1207 (D.C. Cir. 1992).  They include (a) internal matters of a relatively trivial nature (sometimes referred to as "low 2" information); and (b) more substantial internal matters, the disclosure of which would risk circumvention of a legal requirement (sometimes referred to as "high 2" information).  Id.  The Supreme Court construed Exemption 2 to protect internal agency matters so routine or trivial that they could not be "subject to . . . a genuine and significant public interest."  Rose, 425 U.S. at 369.  As such, Exemption 2 relieves agencies of the burden of assembling and providing access to any "matter in which the public could not reasonably be expected to have an interest."  Id. at 369-70.

A variety of information qualifies as predominantly internal under Exemption 2.  See PHE, Inc. v. United States Dept. of Justice, 983 F.2d 248, 251 (D.C. Cir. 1993) (exempting general guidelines for conducting investigations).  This includes information pertaining to violator and informant codes that could lead to the impairment of FBI investigations.

6

Albuquerque Publishing Co. v. Department of Justice, 726 F. Supp. 851, 854 (D.D.C. 1989)

("The public has no legitimate interest in gaining information that could lead to the impairment

of FBI investigations.")

The DHS-ICE properly invoked Exemption (low) and (high) (b)(2) to protect

investigative procedures the release of which would impede the effectiveness of the agency's

activities and future investigations. McGinnis Decl, ¶17.  DHS-ICE also asserted this category of

the exemption with respect to some of the database codes and numbers and the telephone number

of an ICE Special Agent appearing in the database printouts.  Id.  Some of these codes serve a

dual purpose. Id.  Aside from the purposes of indexing, storing, locating, retrieving and

distributing information these codes and numbers also indicate various aspects of the agency law

enforcement efforts, such as whether or not the subject should undergo close inspection, types of

activity being investigated, and location of investigative efforts.  Id.  The disclosure of these

database codes and numbers could assist third parties in deciphering internal administrative

information, which could potentially impede ongoing investigative efforts as well as pose a

danger to ICE personnel.  Id.  The disclosure could also assist unauthorized parties in gaining

improper access to the internal systems and enable them to navigate the systems.  Such improper

access would reveal sensitive law enforcement information relating to ongoing investigations and

could result in the alteration or deletion of valuable information contained in the system.  Id.

This would jeopardize the integrity of the systems.  Such codes and numbers include the

admission numbers and codes, employee identification numbers, case file numbers, and database

function codes.  Id.  In addition, release of the direct telephone numbers of ICE Special Agents

could subject them to harassing telephone calls, which would impair their ability to conduct

7

agency business.  Accordingly, these codes and numbers are properly withheld under both the

low (b)(2) and the high (b)(2) exemption.

### b. DHS-ICE Both Invoked Exemption (b)(7)(C ) Properly

Exemption 7(C) of the FOIA exempts from mandatory disclosure information compiled

for law enforcement purposes when disclosure "could reasonably be expected to constitute an

unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  "[T]he term 'law

enforcement purpose' is not limited to criminal investigations but can also include civil

investigations and proceedings in its scope."  Mittleman v. Office of Personnel Management, 76

F.3d 1240, 1243 (D.C. Cir. 1996), cert. denied, 519 U.S. 1123 (1997), citing Pratt v. Webster,

673 F.2d 408, 420 n.32 (D.C. Cir. 1982).  When, however, a criminal law enforcement agency

invokes Exemption 7, it "warrants greater deference than do like claims by other agencies."  Keys

v. U.S. Dept. of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987), citing Pratt, 673 F.2d at 418.  A

criminal law enforcement agency must simply show that "the nexus between the agency's activity

. . . and its law enforcement duties" is "'based on information sufficient to support at least 'a

colorable claim' of its rationality.'"  Keys, 830 F.2d at 340, quoting Pratt, 673 F.2d at 421.

Once the agency has demonstrated that the records were compiled for law enforcement

purposes, the Court must next consider whether the release of information withheld "could

reasonably be expected to constitute an unwarranted invasion of personal privacy."  This

determination necessitates a balancing of the individual's right to privacy against the public's

right of access to information in government files.  See, e.g., U.S. Dept. of Justice v. Reporters

Committee for Freedom of the Press, 489 U.S. 749, 776-780 (1989).

The Supreme Court has made clear that "whether disclosure of a private document under

8

Exemption 7(C) is warranted must turn on the nature of the requested document and its
relationship to 'the basic purpose of the Freedom of Information Act to open agency action to the
light of public scrutiny,' Department of Air Force v. Rose, [425 U.S. 352, 372 (1976)], rather
than on the particular purpose for which the document is being requested." Reporter's
Committee, 489 U.S. at 772 (internal quotation marks omitted).  Information that does not
directly reveal the operations or activities of the government "falls outside the ambit of the public
interest that the FOIA was enacted to serve." Id. at 775.  That public interest is to "shed[] light
on an agency's performance of its statutory duties." Id. at 772.  The plaintiff bears the burden of
establishing that the "public interest in disclosure is both significant and compelling in order to
overcome legitimate privacy interests." Perrone v. FBI, 908 F. Supp. 24, 26 (D.D.C. 1995),
citing Senate of Puerto Rico v. Department of Justice, 823 F.2d 574, 588 (D.C. Cir. 1987).

Exemption 7(C) consistently has been held to protect the identities of suspects and other
persons of investigatory interest who are identified in agency records in connection with law
enforcement investigations.  Reporters Committee, 489 U.S. at 780; Computer Professionals for
Social Responsibility v. U.S. Secret Service, 72 F.3d 897, 904 (D.C. Cir. 1996) (noting "'strong
interest of individuals, whether they be suspects, witnesses, or investigators, in not being
associated unwarrantedly with alleged criminal activity'" (quoting Dunkelberger v.  Dept.  of
Justice, 906 F.2d 779, 781 (D.C. Cir.  1990)).  Indeed, an agency may categorically assert
Exemption 7(C) to protect the identities of witnesses or other persons mentioned in law
enforcement files in such a way as to associate them with criminal activity.  Reporters
Committee, 489 U.S. at 780; Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 893, 895-
896 (D.C. Cir. 1995); SafeCard Services, 926 F.2d at 1206.

The records deemed responsive to the plaintiff's FOIA request are the name of an ICE Special Agent appearing in a TECS printout, McGinnis Decl. ¶18; <u>Robinson v. Attorney Gen. of the United States</u>, No. 06-2050, 2008 WL 391244 (D.D.C. Feb. 14, 2008). The records were compiled during a law enforcement investigation involving the plaintiff and several third parties. <u>Id</u>. 5 U.S.C. § 552 (b)(7)(C) sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. These files contain names and other identifying information which would reveal the identity of and disclose personal information about individuals who were involved or associated with the plaintiff. The individuals are protected from the disclosure of their identities. <u>Id</u>..

In making the determination to withhold this information, the DHS-ICE attempted to balance the individuals' privacy interests against any discernible public interest in disclosure of the individuals' identities. In this instance, the privacy interests outweighed any potential public interest. Thus, disclosure of certain identities would be an unwarranted invasion of their personal privacy. <u>Id</u>. There is no public interest to be served by releasing the identities of third parties from this internal law enforcement investigation.

## C.   <u>SEGREGABILITY</u>.

The Court of Appeals for the District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue <u>sua sponte</u>." <u>Trans-Pacific Policing Agreement v. United States Customs Service</u>, 177 F.3d 1022, 1028 (D.C. Cir. 1999). The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the

exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); Mead Data Cent., Inc. v. United States Dept. of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977).

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements". Mead Data, 566 F.2d at 261. The agency is not, however, required "to provide such a detailed justification" that the exempt material would effectively be disclosed. Id. All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated. Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996). Moreover, the agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." Mead Data, 566 F.2d at 261, n.55.

In this case, DHS-ICE  has demonstrated with reasonable specificity that all reasonably segregable information has been released.  The declaration of Reba A. McGinnis, Unit Chief of the Information Disclosure Unit (IDU), Mission Support Division, Office of Investigations (OI) at U.S. Immigration and Customs Enforcement (ICE) within the U.S. Department of Homeland Security (DHS-ICE), with accompanying Vaughn Index, describes in detail the non-segregable information, and the reasons why partial releases cannot be made.  In sum, the DHS-ICE has properly responded to plaintiff's FOIA request and has provided plaintiff with all of the reasonably segregable nonexempt information to which he is entitled.

11

### III. **CONCLUSION**

_____For the foregoing reasons, defendant DHS-ICE respectfully requests entry of summary

judgment.  A proposed order setting forth the relief requested is attached.


Respectfully submitted,


_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


__/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 514-7224

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **OSAMA ABDELFATTAH**  )<br><br>)<br><br>)<br>**Plaintiff,**  )<br><br>)<br>**v.**  )<br><br>)<br>**UNITED STATES IMMIGRATION**  )<br>**AND CUSTOMS ENFORCEMENT**  )<br><br>)<br><br>)<br>**Defendant.**  )<br><br>)<br><br>) | **Civil Action No. 07-1858 (HHK)** |

### ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment.

Upon consideration of the Motion, the opposition, the reply, and the entire record herein, it is by

the Court this _____ day of _____, 2008 hereby

ORDERED that Defendant's Motion for Summary Judgment is hereby GRANTED; and

it is further

ORDERED that with respect to these, the above captioned matter is hereby DISMISSED

WITH PREJUDICE.


SO ORDERED.


_____

UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE


I hereby certify that on this __ day of June, 2008 a copy of the foregoing Defendant's

Motion for Summary Judgment, Statement of Material Facts, Memorandum in Support, all

attachments, and proposed order has been served by first class United States mail, postage

prepaid, to:

Osama Abdelfattah
3118 Birchwood Court
North Brunswick, NJ 08902

_____

Wyneva Johnson
Assistant United States Attorney

U.S. Department of Homeland Security
Office of General Counsel
Washington, DC 20528



**Homeland Security**

APR **9** · 2008

Osama Abdelfattah
3118 Birchwood Ct.
North Brunswick, NJ 08902

RE: DHS08-086

Dear Mr. Abdelfattah:

This is in response to your letter dated February 26, 2008, appealing 06-LITI-22323, the September 15, 2006 adverse determination concerning your Freedom of Information Act (FOIA) request by U.S. Immigration & Customs Enforcement (ICE). Your initial request asked for records about you.

ICE denied your request by withholding 89 pages in part, and 24 pages in full, pursuant to FOIA exemptions (b)(2), (b)(5) and (b)(7)(C). We have reviewed the records in question and affirm the initial decision with respect to exemptions (b)(2) and (b)(7)(C). Exemption (b)(5) was asserted by ICE in error. Our analysis follows.

Certain portions of the records released to you were redacted pursuant to 5 U.S.C. § 552(b)(2), because disclosure would pose a risk of circumvention of a statute or regulation, or would reveal guidelines for the conduct of an investigation. *See., e.g., Prows v. United States Dep't of Justice*, No. 90-2561, 1996 WL 228463, at *2 (D.D.C. Apr. 25, 1996); *Kuffel v. United States Bureau of Prisons*, 882 F. Supp. 1116, 1123 (D.D.C. 1995). Information withheld under this rationale would, if released, benefit someone attempting to violate the law and avoid detection. *Voinche v. FBI*, 940 F. Supp. 323, 328 (D.D.C. 1996). Additionally, we note that some of the material exempted from disclosure under this exemption is material in which the public has no substantial interest and bears no relation to the substantive contents of the records released. *Lesar v. Department of Justice*, 636 F.2d 472, 485-86 (D.C. Cir. 1980).

Information which would tend to identify third parties in the records released to you were redacted pursuant to 5 U.S.C. § 552(b)(7)(C). This exemption is in keeping with the traditional recognition of the strong privacy interests inherent law enforcement records – particularly the names and or identities of third parties that appear in records pertaining to another individual. *See, e.g., Fitzgibbon v. C.I.A.*, 911 F.2d 755, 767 (D.C. Cir. 1990); *Dunkelberger v. Department of Justice*, 906 F.2d 779, 781 (D.C. Cir. 1990). The use of the term "law enforcement purposes" envisions not only criminal investigations within the scope of the (b)(7) exemptions, but also includes civil investigations and proceedings within that scope. *Pratt v. Webster*, 673 F.2d 408, 420 (D.C. Cir. 1982).

This decision is the final action of the Department of Homeland Security concerning your FOIA request. Inasmuch as you consider this to be a denial of your appeal, you may obtain judicial review of this decision pursuant to the provisions of 5 U.S.C. § 552(a)(4)(B) in the United States District Court in the district in which you reside, or in which the agency records are situated, or in the District of Columbia.

Sincerely,

Victoria Newhouse
Attorney-Advisor

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
**Case No. 2:05-cv-05212-JAG-MCA**

OSAMA ABDELFATTAH,                                    )
                                                      )
        Plaintiff,                                 )
                                                      )
        v.                                         )
                                                      )
UNITED STATES DEPARTMENT                              )
    OF HOMELAND SECURITY (DHS), <u>et al.</u>,         )
    Defendants.                                       )
                                                      )
_____              )

## DECLARATION OF REBA A. MCGINNIS

### I. INTRODUCTION

1.    I, Reba A. McGinnis, make the following statement, under penalty of perjury pertinent to the above styled and numbered cause, and, being over 18 years of age, I am fully competent to make the statements contained in this declaration.

2.    I am the Unit Chief of the Information Disclosure Unit (IDU), Mission Support Division, Office of Investigations (OI), GS-15, at U.S. Immigration and Customs Enforcement (ICE) within the U.S. Department of Homeland Security (DHS). I have held the position of Unit Chief since September 2007. My office is located at 425 I Street, NW, Washington, DC 20536. The statements contained in this declaration are based on my personal knowledge and experience, on information provided to me in my official capacity, and on conclusions and determinations made in accordance therewith.

3.    As the Unit Chief of IDU, my official duties and responsibilities include the general management, oversight, and supervision of IDU which includes the Freedom of Information Act/Privacy Act (FOIA/PA) Section. The FOIA/PA Section processes the FOIA/PA requests

received by OI and has oversight of the FOIA/PA functions in the twenty-six (26) field offices which conduct ICE investigations called Offices of the Special Agent in Charge ("SAC").

4.    Based on my position and experience, I am familiar with the procedures utilized by ICE in responding to FOIA/PA requests, and specifically I am familiar with the processing of the request in this case.

## II. FACTUAL CHRONOLOGY

5.    On August 31, 2006, IDU received a FOIA request, by e-mail, from the Plaintiff, for any records pertaining to him in all the systems of records that is under the jurisdiction of ICE system of records, including Treasury Enforcement Communications System (TECS) and investigative records.

6.    IDU staff conducted a comprehensive search for records responsive to the Plaintiff's FOIA request, including TECS, Enforcement Case Tracking System (ENFORCE), Law Enforcement Analysis Data System (NetLEADS), Central Index System (CIS), Computer Linked Application Information Management System (CLAIMS), and the public website, Accurint using the Plaintiff's name and date of birth as the search criteria. The searches yielded a total of one hundred and thirteen (113) pages of records responsive to the FOIA request.

7.    TECS is a law enforcement database comprised of several modules designed to collect, maintain, screen data, conduct targeting, and share information about individuals, businesses, conveyances, and the importation and exportation of merchandise.

8.    CIS is used primarily by DHS employees for immigration benefits processing, protection of national security, and to administer and enforce immigration and nationality laws, and related statutes. The database contains personal identification data such as alien file (A-File) number,

date and place of birth, date and port of entry, as well as the location of each official hardcopy paper A-File.

9.    ENFORCE maintains apprehension and booking data that identifies individuals and the circumstances of their apprehension.

10.    NetLEADS system provides intelligence and investigative information that supports DHS mission.

11.    CLAIMS is a database designed to maintain biographic information which identifies individuals who have filed applications or petitions for benefits under the Immigration and Nationality Act, as amended.

12.    Accurint is a research tool offered through LexisNexis for use by government customers for law enforcement purposes.

13.    Based on the search of these various databases conducted by IDU staff, it was determined that no additional responsive information, other than the one hundred and thirteen pages (113) produced, existed within ICE.

14.    In a letter dated September 15, 2006, ICE advised Eileen C. Bretz, Esq., counsel for Plaintiff, that we determined to release eighty-nine (89) pages of records with certain information withheld pursuant to exemptions (b)(2) and (b)(7)(C) of the FOIA and to withhold twenty-four (24) pages of records in their entirety pursuant to exemptions (b)(2), (b)(5) and (b)(7)(C) of the FOIA.

15.    Upon subsequent review of the September 15, 2006 letter, I determined that FOIA exemption (b)(5) was erroneously asserted in the letter.

### III. FOIA EXEMPTIONS

16.    Exemption (b)(2) - 5 U.S.C. 552(b)(2): This exemption allows for the withholding from mandatory disclosure records or information that relate solely to the internal personnel rules and practices of an agency. This exemption encompasses both internal matters of a relatively trivial nature, low (b)(2), the disclosure of which would place an administrative burden on the agency to process and internal matters of a far more substantial nature, high (b)(2), the disclosure of which would risk circumvention of a legal requirement. ICE used both categories of this exemption to withhold exempted information and records.

17.    Low (b)(2): ICE asserted this FOIA exemption with respect to internal agency information that appear on records that are responsive to plaintiff's request. Specifically, ICE exempted from disclosure program codes, database function codes, event numbers, admission numbers and codes, status codes, employee identification codes, action codes, case file numbers and other administrative codes. The codes and numbers appearing on the database printouts are used for the purposes of indexing, storing, locating, retrieving and distributing information in agency law enforcement files. While these codes and numbers have internal significance, they are trivial in nature and bear no relation to the substantive contents of the records. Therefore, the disclosure of these codes to the public would not assist the public in understanding how the agency is carrying out its statutory responsibilities. ICE also withheld the telephone number of an ICE Special Agent. Telephone numbers relate to the internal practices of the agency in that they are to be utilized by agency personnel in the performance of their duties. The disclosure of these numbers would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Accordingly, these codes and telephone numbers have been withheld under the "low (b)(2)" standard.

High (b)(2): ICE asserted this category of the exemption to protect investigative procedures the release of which would impede the effectiveness of the agency's activities and future investigations. ICE also asserted this category of the exemption with respect to some of the database codes and numbers and the telephone number of an ICE Special Agent appearing in the database printouts. Some of these codes serve a dual purpose. Aside from the purposes of indexing, storing, locating, retrieving and distributing information these codes and numbers also indicate various aspects of the agency law enforcement efforts, such as whether or not the subject should undergo close inspection, types of activity being investigated, and location of investigative efforts. The disclosure of these database codes and numbers could assist third parties in deciphering internal administrative information, which could potentially impede ongoing investigative efforts as well as pose a danger to ICE personnel. The disclosure could also assist unauthorized parties in gaining improper access to the internal systems and enable them to navigate the systems. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. This would jeopardize the integrity of the systems. Such codes and numbers include the admission numbers and codes, employee identification numbers, case file numbers, and database function codes. In addition, release of the direct telephone numbers of ICE Special Agents could subject them to harassing telephone calls, which would impair their ability to conduct agency business. Accordingly, these codes and the telephone number are being withheld under both the low (b)(2) and high (b)(2) exemption.

18.    Exemption (b)(7)(C) - 5 U.S.C. 552(b)(7)(C): This exemption was applied to protect from disclosure information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. ICE withheld the name of

an ICE Special Agent appearing in a TECS printout. Special Agents handle a myriad of tasks relating to official investigations into the criminal activities of third parties. They were, and still are, in positions of access to information regarding official law enforcement investigations. If their identities are released, they could become targets of harassing inquiries for unauthorized access to information pertaining to ongoing and closed investigations. There is no public interest to be served by releasing the identities of Special Agents. This exemption allows the withholding of information that identifies agency employees, third parties and other personal privacy information in law enforcement records. Under this exemption, ICE also withheld social security numbers, a driver's license number, vehicle registration information, third-party names, employee identification codes, dates of birth, country of birth, physical descriptors, ages, telephone numbers, home addresses, employment information, citizenship information, real estate property information and bank account information. The release of this personal privacy information, could subject individuals referenced in law enforcement records to humiliation. Release of such information could also cause third parties to become targets of harassment or physical danger. In addition, release of such information relating to third parties would constitute an unwarranted invasion of their personal privacy. There is no public interest to be served by releasing such information.

## IV. SEGREGABILITY

19.    Under the FOIA, "any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). All information not exempted from disclosure pursuant to the FOIA exemptions specified above was correctly segregated and non-exempt portions were released. Each record

partially released was reviewed line by line to determine if there were any portions of the record that could be released. As indicated in the attached <u>Vaughn</u> Index, information withheld was individually determined to be exempt from release.

## V. JURAT CLAUSE

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief. Signed the 16th day of June 2008.

Reba A. McGinnis
Chief, Information Disclosure Unit
Mission Support Division
Office of Investigations

7

| Immigration and Customs Enforcement (ICE) **Abdelfattah FOIA Request** Document Index | | |
|---|---|---|
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| TECS II – Person Subject Display  (09/08/2006) 0001 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and  (high) and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect a record identification number, a case number, agency codes and database function codes that are applicable to internal administrative matters to the extent that the information is of a relatively trivial nature, bear no relation to the substantive contents of the records and there is no public interest in the information.  **FOIA Exemption 2(high)** is applied to protect a record identification number, a case number, agency codes, database function codes and agency investigative guidelines the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of the numbers and codes could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect the name of a law enforcement agent the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy.  Further, release of the law enforcement agent's name could cause the individual to become a target of harassment or physical danger. |
| Non-Immigrant Information System Record (09/08/2006) 0002 | 1 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect database codes, an admission number and database function codes that are applicable to internal administrative matters to the extent that the information is of a relatively trivial nature, bear no relation to the substantive contents of the records and there is no public interest in the information.  **FOIA Exemption 2(high)** is applied to protect database codes, an admission number and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of the codes and number could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| TECS II I-94 Arrival/Departure Display (09/08/2006) 0003 | 1 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect an admission number, an inspector identification number, database function codes and agency codes that are applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA** |

| | | Immigration and Customs Enforcement (ICE) **Abdelfattah FOIA Request** Document Index |
|---|---|---|
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | **Exemption 2(high)** is applied to protect an admission number, an inspector identification number, database function codes and agency codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of the codes could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| TECS II – Primary Query History-Passenger Activity Report   (09/08/2006) 0004 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low)  and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect agency codes and inspector identification codes that are applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect agency codes and inspector identification codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of the codes could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect dates of birth and social security numbers compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| TECS II Primary Query History- Passenger Activity Report (09/08/2006) 0005 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes that are applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes and agency investigative guidelines the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of the codes could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system.  **FOIA Exemption 7(C)** is applied to protect social security numbers compiled for law |

| Immigration and Customs Enforcement (ICE) **Abdelfattah FOIA Request** Document Index | | |
|---|---|---|
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| Accurint Person Search Database Query (09/08/2006) 0006-0008 | 3 | Record exempt in part pursuant to exemption (b)(7)(C) of the FOIA. **FOIA Exemption 7(C)** is applied to protect third party names, dates of births, ages, home addresses and telephone numbers compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. *Supplemental Release:  FOIA Exemption (b)(2) inappropriately applied.* |
| Netleads – Avalanche Record (09/08/2006) 0009-0011 | 3 | Record exempt in part pursuant to exemptions (b)(2)(low) and (high), and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect an agency event number and database codes that are applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect an agency event number, database codes and agency database guidelines the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect a third-party name compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| Netleads – Avalanche Record (09/08/2006) 0012 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (high) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect an admission number that is applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect an admission number and agency database guidelines the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| **Abdelfattah FOIA Request** | | |
| **Document Index** | | |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| Netleads – Avalanche Record (09/08/2006) 0013 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (high) of the FOIA. **FOIA Exemption 2(low)** is applied to protect an admission number and an agency database code that is applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect an admission number, agency database code and agency database guidelines the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| Internal Agency Database Query (Undated) 0014-0019 | 6 | Record exempt in part pursuant to exemptions (b)(2)(low) and (high), and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency database codes and numbers, and an agency event number applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency database codes and numbers, an agency event number, internal database guidelines and investigative information the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect a third-party name and law enforcement agent name compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. Further, release of the law enforcement agent's name could cause the individual to become a target of harassment or physical danger. |
| TECS II External Message Display (09/08/2006) 0020 | 1 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes and numbers, and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes and numbers, and database function codes the release of which would risk circumvention and the effectiveness of the agency's |

| Immigration and Customs Enforcement (ICE) **Abdelfattah FOIA Request** Document Index | | |
| --- | --- | --- |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | activities.  The disclosure of this information number could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| TECS II External Message Display (09/08/2006) 0021 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (high) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect agency codes and numbers, and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect agency codes and numbers, database function codes and internal database instructions the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| TECS II External Message Display (09/08/2006) 0022 | 1 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect agency codes and numbers, and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect agency codes and numbers, and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| Central Index System – Status History Data  Search (09/08/2006) 0023 | 1 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining |

| Immigration and Customs Enforcement (ICE) | | |
| :---: | :---: | :---: |
| **Abdelfattah FOIA Request** | | |
| Document Index | | |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| Central Index System – Employment Authorization Document Data (09/08/2006) 0024 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes, an agency number, and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect employee identification numbers, agency codes, an agency number, and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS/EAD Mainframe System – Employment Authorization Document Update/Inquiry (09/08/2006) 0025 | 1 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of the record identification number could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| CLAIMS Mainframe System – Case History (09/08/2006) 0026 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption** |

| Immigration and Customs Enforcement (ICE) | | |
| **Abdelfattah FOIA Request** | | |
| Document Index | | |
| Document Description | Pages | Disposition and Exemptions |
| --- | --- | --- |
| | | **2(high)** is applied to protect employee identification numbers, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Employment Authorization Document Update/Inquiry (09/08/2006) 0027 | 1 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| CLAIMS Mainframe System – Case History (09/08/2006) 0028 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect employee identification numbers, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect employee identification numbers compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| **Abdelfattah FOIA Request** | | |
| Document Index | | |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| CLAIMS Mainframe System – Adjust Status Update Processing (09/08/2006) 0029 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system.  **FOIA Exemption 7(C)** is applied to protect a third-party name compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Case History (09/08/2006) 0030-0031 | 2 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect employee identification numbers, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system.  **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Employment Authorization Document Update/Inquiry (09/08/2006) 0032 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| **Abdelfattah FOIA Request** | | |
| Document Index | | |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| CLAIMS Mainframe System – Case History (09/08/2006) 0033 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect a record identification number, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Employment Authorization Document Update/Inquiry (09/08/2006) 0034 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect employee identification number, agency codes and numbers, and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect employee identification number, agency codes and numbers, and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect an employee identification number the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Case History (09/08/2006) | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect an employee identification code, agency codes and database |

| | | |
|---|---|---|
| Immigration and Customs Enforcement (ICE) **Abdelfattah FOIA Request** Document Index | | |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| 0035 | | function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect an employee identification code, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect an employee identification code the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System -Petition Update Processing (09/08/2006) 0036 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of the record identification number could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect a third-party name compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Case History (09/08/2006) 0037 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect employee identification numbers, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal |

| Immigration and Customs Enforcement (ICE) **Abdelfattah FOIA Request** Document Index | | |
|---|---|---|
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| Search of Central Index System (09/08/2006) 0038-0039 | 2 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes, an agency number and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes, an agency number and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect third-party names compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – I-129 H1B Beneficiary Case Information (09/08/2006) 0040 | 1 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes, an agency number and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes, an agency number and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| CLAIMS Mainframe System – Case History (09/08/2006) 0041 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect employee identification codes, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption** |

| | | Immigration and Customs Enforcement (ICE) |
|---|---|---|
| | | **Abdelfattah FOIA Request** |
| | | Document Index |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | **2(high)** is applied to protect employee identification codes, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Employment Authorization (09/08/2006) 0042 | 1 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| CLAIMS Mainframe System – Case History (09/08/2006) 0043 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect employee identification numbers, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |

| Immigration and Customs Enforcement (ICE) Abdelfattah FOIA Request Document Index | | |
|---|---|---|
| Document Description | Pages | Disposition and Exemptions |
| CLAIMS/EAD Mainframe System – Employment Authorization (06/08/2006) 0044 | 1 | Record exempt part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect employee identification codes, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect employee identification codes, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system.  **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Case History (09/08/2006) 0045 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect employee identification numbers, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system.  **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Card Production Update (09/08/2006) 0046 | 1 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this |

| | Immigration and Customs Enforcement (ICE) | |
| --- | --- | --- |
| | **Abdelfattah FOIA Request** | |
| | Document Index | |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect third-party names compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Case History (09/08/2006) 0047 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect employee identification numbers, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System - Employment Authorization (09/08/2006) 0048 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect employee identification number, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect a record identification number and agency investigative guidelines the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of the record identification number could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect an employee identification number the release of which could reasonably be expected to |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| **Abdelfattah FOIA Request** | | |
| Document Index | | |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Case History (09/08/2006) 0049 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect employee identification numbers, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system.  **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Employment Authorization (09/08/2006) 0050 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C)  of the FOIA.  **FOIA Exemption 2(low)** is applied to protect employee identification number, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect employee identification number, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system.  **FOIA Exemption 7(C)** is applied to protect an employee identification number the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Case History (09/08/2006) 0051 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| **Abdelfattah FOIA Request** | | |
| **Document Index** | | |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect employee identification numbers, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Card Production Update (09/08/2006) 0052 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect third party names compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Case History (09/08/2006) 0053-0054 | 2 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect employee identification numbers, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| **Abdelfattah FOIA Request** | | |
| Document Index | | |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | information contained in the system. **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Petition Update (09/08/2006) 0055 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect a third party name compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – I-129 H1B Beneficiary (09/08/2006) 0056 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes, an agency number, and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes, an agency number, and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| CLAIMS Mainframe System – Card Production Update (09/08/2006) 0057 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's |

| | | Immigration and Customs Enforcement (ICE) |
|---|---|---|
| | | **Abdelfattah FOIA Request** |
| | | Document Index |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system.  **FOIA Exemption 7(C)** is applied to protect third party names compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Case History (09/08/2006) 0058 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect employee identification numbers, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system.  **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – I-131 Inquiry (09/08/2006) 0059 | 1 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect an agency number, agency codes, and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect an agency number, agency codes, and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| CLAIMS Mainframe System – Case History (09/08/2006) | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes and database |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| **Abdelfattah FOIA Request** | | |
| Document Index | | |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| 0060 | | function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect employee identification numbers, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Petition Update (09/08/2006) 0061 | 1 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| CLAIMS Mainframe System – Beneficiary Case Information (09/08/2006) 0062 | 1 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| **Abdelfattah FOIA Request** | | |
| Document Index | | |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| CLAIMS Mainframe System – Case History (09/08/2006) 0063 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect employee identification numbers, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system.  **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System - Petition Update (09/08/2006) 0064 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system.  **FOIA Exemption 7(C)** is applied to protect a third party name compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – I-129 H1B Beneficiary (09/08/2006) 0065 | 1 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect an agency number, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect an agency number, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could |

| Immigration and Customs Enforcement (ICE) **Abdelfattah FOIA Request** Document Index | | |
|---|---|---|
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| CLAIMS Mainframe System – Case History (09/08/2006) 0066 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect employee identification numbers, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Petition Update (09/08/2006) 0067 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect a third party name compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Beneficiary Information (09/08/2006) 0068 | 1 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively |

| | | Immigration and Customs Enforcement (ICE) **Abdelfattah FOIA Request** Document Index |
| --- | --- | --- |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of the record identification number could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| CLAIMS Mainframe System – Case History (09/08/2006) 0069 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect employee identification numbers, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| Central Index System – ARR/BC Card (09/08/2006) 0070 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect third party names compiled for law enforcement purposes the release of which could reasonably be |

| Immigration and Customs Enforcement (ICE) **Abdelfattah FOIA Request** Document Index | | |
|---|---|---|
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | expected to constitute an unwarranted invasion of personal privacy. |
| Central Index System - Card/History Data (09/08/2006) 0071 | 1 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| Central Index System – Employment Authorization (09/08/2006) 0072 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect employee identification numbers, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Application Update (09/08/2006) 0073 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect an agency number, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect an agency number, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this |

| | | Immigration and Customs Enforcement (ICE) **Abdelfattah FOIA Request** Document Index |
|---|---|---|
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect a third party name compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| CLAIMS Mainframe System – Case History (09/08/2006) 0074 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect employee identification numbers, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| TECS II – Subject Query (09/08/2006) 0075 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes, record identification numbers and database function codes that are applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes, record identification numbers, database function codes and an investigative procedure the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect third party names and dates of birth compiled for law enforcement |

| | | Immigration and Customs Enforcement (ICE) |
|---|---|---|
| | | **Abdelfattah FOIA Request** |
| | | Document Index |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| INS – Alien Change of Address Query (09/08/2006) 0076-0079 | 4 | Records exempt in part pursuant to exemption (b)(2)(low) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| INS – Alien Change of Address Query (09/08/2006) 0080-0081 | 2 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| INS – Alien Change of Address Query (09/08/2006) 0082-0083 | 2 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information |

| Immigration and Customs Enforcement (ICE) | | |
|---|---|---|
| **Abdelfattah FOIA Request** | | |
| Document Index | | |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | contained in the system. |
| INS – Alien Change of Address Query (09/08/2006) 0084-0085 | 2 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| INS – Alien Change of Address Query (09/08/2006) 0086-0087 | 2 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA. **FOIA Exemption 2(low)** is applied to protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| CLAIMS Mainframe System – I-131 Inquiry (09/08/2006) 0088 | 1 | Record exempt in part pursuant to exemption (b)(2)(low) of the FOIA. **FOIA Exemption 2(low)** is applied to protect an agency number, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect an agency number, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the |

| Immigration and Customs Enforcement (ICE) **Abdelfattah FOIA Request** Document Index | | |
|---|---|---|
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | alteration or deletion of valuable information contained in the system. |
| CLAIMS Mainframe System – Case History (09/08/2006) 0089 | 1 | Record exempt in part pursuant to exemptions (b)(2)(low) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(low)** is applied to protect employee identification numbers, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect employee identification numbers, agency codes and database function codes the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. **FOIA Exemption 7(C)** is applied to protect employee identification numbers the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| **RECORDS EXEMPT IN THEIR ENTIRETY** | | |
| External Database Law Enforcement Report (09/08/2006) 0090-0097 | 8 | Record exempt in its entirety pursuant to exemptions (b)(2)(high) and (b)(7)(C) of the FOIA. **FOIA Exemption 2(high)** is applied to protect information which would reveal investigative procedures the release of which would risk circumvention and the effectiveness of the agency's activities. **FOIA Exemption 7(C)** is applied to protect third party names, addresses, social security numbers, ages, real estate property information, and vehicle registration and driver's license information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| Internal Database - Passenger Query (09/08/2006) 0098 | 1 | Record exempt in its entirety pursuant to exemptions (b)(2)(low) and (high) of the FOIA. **FOIA Exemption 2(low)** is applied to protect internal agency codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. **FOIA Exemption 2(high)** is applied to protect internal agency codes and other information which would reveal investigative procedures the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system. Such |

| Immigration and Customs Enforcement (ICE) **Abdelfattah FOIA Request** Document Index | | |
|---|---|---|
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. |
| TECS II – Subject Query (09/08/2006) 0099-0104 | 6 | Record exempt in its entirety pursuant to exemption (b)(2)(low) of the FOIA.  **FOIA Exemption 2(low)** is applied to a record identification number, protect agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect a record identification number, agency codes, database function codes, a law enforcement agent's telephone number, and agency investigative guidelines the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system.  Further, the release of the direct telephone numbers of law enforcement agents could subject them to harassing telephone calls, which would impair their ability to conduct agency business.  **FOIA Exemption 7(C)** is applied to protect a law enforcement agent's name, third party names, an address, telephone numbers, bank account information, and employment and citizenship information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy.  Further, release of the law enforcement agent's name could cause the individual to become a target of harassment or physical danger. |
| TECS II – Person Subject Display (09/08/2006) 0105-0107 | 3 | Record exempt in its entirety pursuant to exemptions (b)(2)(low) and (high), and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect a record identification number, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect a record identification number, agency codes, database function codes, a law enforcement agent's telephone number and information which would reveal investigative procedures the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing |

| Immigration and Customs Enforcement (ICE) | | |
| --- | --- | --- |
| **Abdelfattah FOIA Request** | | |
| Document Index | | |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | investigations and could result in the alteration or deletion of valuable information contained in the system.  Further, the release of the direct telephone numbers of law enforcement agents could subject them to harassing telephone calls, which would impair their ability to conduct agency business.  **FOIA Exemption 7(C)** is applied to protect a law enforcement agent's name, a third party name, a date and country of birth, social security number, home address, physical identifiers of a third party, and employment and citizenship information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy.  Further, release of the law enforcement agent's name could cause the individual to become a target of harassment or physical danger. |
| TECS II – Incident Log (09/08/2006) 0108-0109 | 2 | Record exempt in its entirety pursuant to exemptions (b)(2)(low) and (high), and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect an incident report number, agency codes and database function codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect an incident report number, agency codes, database function codes and other information which would reveal investigative procedures the release of which would risk circumvention and the effectiveness of the agency's activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system.  **FOIA Exemption 7(C)** is applied to protect law enforcement agents' names, a third party name, physical descriptors of a third party, a home address,  and employment and citizenship information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy.  Further, release of the law enforcement agent's name could cause the individual to become a target of harassment or physical danger. |
| TECS II – List of Related Records (09/08/2006) 0110-0112 | 3 | Record exempt in its entirety pursuant to exemptions (b)(2)(low)  and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect agency codes, record identification numbers and database function codes that are applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect agency codes, record identification numbers and database function codes the release of which would risk circumvention and the effectiveness of the agency's |

| | | |
|---|---|---|
| Immigration and Customs Enforcement (ICE) **Abdelfattah FOIA Request** Document Index | | |
| **Document Description** | **Pages** | **Disposition and Exemptions** |
| | | activities. The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system.  **FOIA Exemption 7(C)** is applied to protect third party names and dates of birth compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| Internal Database Point of Contact Query (Undated) 0113 | 1 | Record exempt in its entirety pursuant to exemptions (b)(2)(low) and (high), and (b)(7)(C) of the FOIA.  **FOIA Exemption 2(low)** is applied to protect database codes applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.  **FOIA Exemption 2(high)** is applied to protect database codes and other information which would reveal investigative procedures the release of which would risk circumvention and the effectiveness of the agency's activities.  The disclosure of this information could also assist unauthorized parties in gaining improper access to the agency's internal database and enable them to navigate the system.  Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system.  **FOIA Exemption 7(C)** is applied to protect a third party name, home address and telephone number compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. |
| | | **Page Summary** |
| | 89 | Pages Exempt in Part |
| | 0 | Pages Released in Whole |
| | 24 | Pages Exempt in Their Entirety |
| | 113 | Total Pages |