IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| OSAMA ABDELFATTAH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1858 (HHK) |
| | ) | |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, by and through counsel, hereby submits the Reply to "Plaintiff's Memorandum of Law And Local Rule 56.1 Statements of Contested Facts in Opposition to Defendant's Motion For Summary Judgment"( hereinafter "Pl's Opp.").

Plaintiff Osama Abdelfattah filed the instant FOIA complaint on October 15, 2007.[1] Plaintiff alleged that he had submitted an appeal to the Immigration and Customs Enforcement (ICE) Appeal's Office in Washington, DC on September 27, 2006 with regard to documents withheld in his administrative FOIA request. Plaintiff argued that a year had passed and he had not heard from the appeal office. See Complaint, p. 1. Plaintiff attached a copy of a certified mail receipt to the "[Department of Homeland Security] DHS Privacy Office" to his Complaint. Id.

---

[1] Plaintiff also filed a related Bivens action, Abdelfattah v. Department of Homeland Security, et al. (C.A. No 07-1842)(HHK), currently stayed pending resolution of the instant action.

Plaintiff had filed an administrative FOIA request which stated (August 30, 2006 e-mail):

> Any records (electronic, or hard copy) , tapes , material , Reports of Investigation ) pertain to and Index under the following
> Name osama abdelfattah, OR
> Name Osama abed fattah, OR
> SSN 343922185 OR
> # A95I53148
> in the all systems of record that is under the jurisdiction of ICE , which include but not limited to TECS (treasury enforcement communication system), Investigations Record systems
> BY TECS ICE should be able to extract case information or any information pertain to the plaintiff , those records and investigation could be scattered nation wide , I want ICE headquarter to locate those file from the fields offices and send them to me
> In addition the searching the Investigations Record systems which could be electronics records, hard copy (ie papers, microfiches ) based system of record , this contain print outs of report of investigation (ROI) , case agents , notes , person subject records , organization subject records , result of forensic analyses and other law enforcement records , an investigation records systems Is maintained by each of the twenty seven (27) special agent in charge (SAC) offices through united states and ICE location abroad , pointer to the system such as ROI case number is maintained in the TECS ....etc

On September 15, 2006, ICE advised plaintiff that it had conducted a search for records and found one hundred and thirteen (113) pages of records responsive to plaintiff's request.

The letter further stated:

> Please be advised that we have reviewed the records and determined that eighty-nine (89) pages of records may be released to you with deletions made pursuant to exemptions (b)(2) and (b)(7)(C) of the FOIA.  The remaining 24 pages of records have been withheld in their entirety pursuant to exemptions (b)(2), (b)(5) and (b)(7)(C) of the FOIA.

Exhibit 1.

Plaintiff was advised of his appeal rights in the letter.

On February 28, 2008, defendant moved, with the consent of plaintiff, for a Stay of

Proceedings to process plaintiff's appeal. Defendant responded to plaintiff's appeal on April 9, 2008. In its April 9, 2008 letter, ICE advised plaintiff that it had reviewed the records in question and affirmed the initial decision with respect to exemptions (b)(2) and (b)(7)(C). ICE determined that the (b)(5) exemption was asserted in error. See McGinnis Declaration, Attachment A.

Defendant moved for summary judgment and argued that defendant had properly withheld documents pursuant to (b)(2) and (b)(7)(C), of the FOIA, and that all reasonably segregable information had been released. Defendant attached the Declaration of Reba A. McGinnis, Unit Chief, Information Disclosure Unit, Mission Support Division, Office of Investigation, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security.[2]

Ms. McGinnis explained in her Declaration that exemption "low" (b)(2) was asserted with respect to internal agency information that appeared on records responsive to plaintiff's request. ICE had exempted from disclosure program codes, database function codes, event numbers, admission numbers and codes, status codes, employee identification codes, action codes, case file numbers, and other administrative codes. ICE also withheld the telephone numbers of an ICE Special Agent. Declaration, ¶ 17.

Ms. McGinnis further explained that exemption "high"(b)(2) was asserted to protect investigative procedures, the release of which would impede the effectiveness of the agency's activities and future investigations. ICE also asserted this category of exemption with respect to some of the database codes and numbers and the telephone number of an ICE Special Agent

---

[2] The case caption of Ms. McGinnis' declaration erroneously cited a New Jersey District Court civil action number.

appearing in the database printouts. Id.

Ms. McGinnis further explained that (b)(7)(C) was applied to protect from disclosure information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. ICE withheld the name of an ICE Special Agent appearing in a Treasury Enforcement Communications System (TECS) printout. Id. ¶ 18.

Ms. McGinnis stated that (b)(7)(C) also allows the withholding of information that identifies agency employees, third parties and other personal privacy information in law enforcement records. Thus, ICE asserted (b)(7)(C) and withheld social security numbers, a driver's license number, vehicle registration information, third-party names, employee identification codes, dates of birth, country of birth, physical descriptors, ages, telephone numbers, home addresses, employment information, citizenship information, real estate property information and bank account information. Id. ¶ 18.

Thus, defendant argued that the responsive documents were properly withheld pursuant to exemptions (b)(2) and (b)(7)(C), all information not exempted was correctly segregated and non-exempt portions were released and summary judgment should be granted.

This Court has held that "a motion for summary judgment adequately underpinned is not defeated simply by bare opinion or an unaided claim that a factual controversy persists." Judicial Watch, Inc. v. HHS, 27 F. Supp. 2d 240, 243-44 (D.D.C. 1998) (explaining that plaintiff's "bare suspicion" will not call into question adequacy of agency's search). Moreover," [c]ourts have consistently held that a requester's opinion disputing the risk created by disclosure is not sufficient to preclude summary judgment for the agency when the agency possessing the relevant

expertise has provided sufficiently detailed affidavits."  Finally, summary judgment will not be defeated by unsupported claims that an agency is withholding information. Steinberg v. United States Dep't of Justice, 179 F.R.D. 357, 360 (D.D.C. Apr. 28, 1998) (finding summary judgment not defeated "with pure conjecture about the possible content of withheld information, raising 'some metaphysical doubt as to the material facts.'" (*quoting* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

      Here, plaintiff's opposition fails to defeat defendant's motion for summary judgment.  In his opposition, plaintiff alleges that defendant fails to disclose the basis for creating a Treasury Enforcement Communications System (TECS) file. See Pl. Opp. at 4.  Defendant is not under any obligation under FOIA to 'disclose the basis for creating its record' about the requester.  Plaintiff presumes that in addition to providing responsive documents, the agency must provide an explanation for the creation of the documents. Id.  In the declaration of Reba McGinnis, defendant satisfies its obligation to describe the Treasury Enforcement Communications System (TECS) records.[3]  In a FOIA case, to satisfy its obligation, "the 'defending agency must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the (FOIA's) inspection requirements.' "Dorsett v. U.S. Dept. of Treasury 307 F.Supp.2d 28, 32 (D.D.C.,2004) (*citing* Perry v. Block, 684 F.2d 121, 126 (D.C.Cir.1982) (citation omitted)). There is no obligation to disclose why specific records were created about the requester.  Moreover, here defendant searched TECS records for responsive documents.

---

    [3] TECS is a law enforcement database comprised of several modules designed to collect, maintain, screen data, conduct targeting, and share information about individuals, businesses, conveyances, and the information and exportation of merchandise. McGinnis Declaration ¶ 7.

Plaintiff further argues that defendant "replaced exemption (b)(7)(e) with (b)(2)" to avoid disclosing TECS records. See Pl. Op. at 5. If an agency withholds documents pursuant to any of the nine FOIA exemptions, the agency bears the burden of persuading the Court that the decision to withhold documents was proper. Moayedi v. U.S. Customs and Border Protection 510 F.Supp.2d 73, 81 -82 (D.D.C.,2007)(*citing* Hayden v. Nat'l Sec. Agency, 608 F.2d 1381, 1386 (D.C.Cir.1979)). Here, plaintiff argues that the exemptions asserted were arbitrary, because two agency components asserted different exemptions for similar types of responsive records. Plaintiff, however, does not argue that the use of these exemptions was improper, rather, he alleges that they were inconsistently asserted.

Plaintiff's argument that the defendant has failed to satisfy its burden of proof for summary judgment entitlement, because it has inconsistently asserted exemptions, has no bearing on whether entry of summary judgment is appropriate. Sciba v. Board of Governors of Federal Reserve System 2005 WL 3201206, 2 (D.D.C.,2005). The bases for asserting these exemptions are justified in the declaration of Reba McGinnis and the accompanying Vaughn Index which plaintiff fails to respond to in his opposition.

Plaintiff further argues that defendant cannot justify the withholding of documents under exemption (b)(7)(C) because plaintiff was "never arrested" only "harassed" by the defendant and its agents, therefore, no law enforcement protected activity occurred. See Pl. Op. at 6-7. Exemption (b)(7)(C) is not limited to criminal investigations, but can also include civil investigations and proceedings. James v. U.S. Customs and Border Protection 549 F.Supp.2d 1, 9 (D.D.C.,2008) (*citing* Mittleman v. Office of Personnel Mgmt., 76 F.3d 1240, 1243 (D.C.Cir.1996)). While it is unfortunate that plaintiff construes the investigations conducted by

6

the defendant as harassment, aspects of these investigations were properly exempted under exemption (b)(7)(C).

Plaintiff further argues that defendant failed to show why information was non-segregable. See Pl. Opp. at 12. The Declaration of Reba McGinnis and the thirty-page Vaughn provided the bases for the redactions and adequately explained defendant's rationale. Plaintiff's conclusory statements and non-specific assertions to these documents do not challenge the asserted exemptions.

Finally, plaintiff argues that defendant cannot justify withholding under (b)(2) because the Vaughn "does not mention old, new, or ongoing investigations." See Pl. Opp. at 16. A Vaughn index is a listing of the documents withheld from an agency's production. Judicial Watch, Inc. v. U.S. Dept. of Transp., 2005 WL 1606915, 2 (D.D.C.) (D.D.C.,2005). To the extent that plaintiff's argument presumes that the search was not adequate, because old, new, and any ongoing investigations are not mentioned in the Vaughn index, plaintiff's argument is misplaced. Indeed, (b)(2) does not require that the documents be law enforcement records or part of an investigation.

Mere conclusory allegations are not enough to survive a motion for summary judgment. Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993); Rowland v. Riley, 5 F. Supp.2d 1, 3 (D.D.C. 1998); Benn v. Unisys Corp., 176 F.R.D. 2 (D.D.C. 1997). Plaintiff does not dispute any of the relevant material facts concerning the agency's FOIA search. Thus, he has failed to put into dispute any genuine relevant material fact.

The FOIA confers jurisdiction upon the District Court to provide relief to a plaintiff only where requested documents have been "improperly withheld" by an agency. 5 U.S.C. §

552(a)(4)(B).  The courts have interpreted this section of the statute to establish that jurisdiction only exists upon a showing by the plaintiff that the defendant (1) improperly (2) withheld (3) agency records.  See Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980). "The plaintiff must show that the agency 'contravened all three components of this obligation' in order for jurisdiction to be valid." Kuffel v. U.S. Bureau of Prisons, 882 F.Supp. 1116, 1120 (D.D.C. 1995) (citing Kissinger, 445 U.S. at 151.)  Absent such a showing, FOIA confers no "judicial authority to devise remedies and enjoin agencies." In this case, plaintiff has failed to make such a showing.  Defendant has established that it conducted an adequate search and released responsive documents not subject to exemption. Plaintiff has failed to challenge such bases for withholding these documents.  Therefore, defendant's motion for summary judgment should be granted.

Respectfully submitted,

\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
 United States Attorney


\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


\_\_/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., E-4106
Washington, D.C. 20530

Counsel for Defendant

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 1st day of August, 2008 a copy of the foregoing Reply was served by first class United States mail, postage prepaid, to:

Osama Abdelfattah
3118 Birchwood Court
North Brunswick, NJ 08902
*pro se,*

                /s/
                WYNEVA JOHNSON
                Assistant United States Attorney
                Judiciary Center Bldg.
                555 4th Street, N.W., E-4106
                Washington, D.C. 20530

# Exhibit 1

*Office of Investigations*

U.S. Department of Homeland Security
1800 F Street, NW
Washington, DC 20536



**U.S. Immigration and Customs Enforcement**

DIS 2-01 OI:MS:ID
06-LITI-22323 MHF/DLM

SEP 15 2006

Eileen C. Bretz, Esq.
Attorney at Law
Bretz & Coven, LLP
305 Broadway
New York, New York 10007-1109

Dear Ms. Bretz:

In accordance with the Order, dated August 28, 2006, in the case of <u>Osama Abdelfattah v. United States Department of Homeland Security, et al., No. 05-5212 (JAG)</u>, Immigration and Customs Enforcement hereby provides the following information.

In response to your Freedom of Information Act (FOIA) request of February 2006, which was received in this office, August 31, 2006, by way of email, ICE conducted a search of its records and found one hundred and thirteen (113) pages of records responsive to your request.

Please be advised that we have reviewed the records and determined that eighty-nine (89) pages of records may be released to you with deletions made pursuant to exemptions (b)(2) and (b)(7)(C) of the FOIA. The remaining 24 pages of records have been withheld in their entirety pursuant to exemptions (b)(2), (b)(5) and (b)(7)(C) of the FOIA.

Although we are aware that your request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, we are required by statute and regulation to inform you of your right to file an administrative appeal. You may appeal this decision, in writing, within 35 days after the date of this notification to the Privacy Office, Attn: FOIA Appeals, Department of Homeland Security, 245 Murray Lane, SW, Building 410, Washington, DC 20528. Please include with your letter of appeal a copy of this response letter. Please reference case number 06-LITI-22323.

Eileen C. Bretz, Esq.
Page 2

Enclosed is an information sheet pertaining to exemptions from disclosure under the FOIA, your right to administrative appeal and judicial review.

Sincerely,

Gloria Marshall
Chief, Information Disclosure Unit
Mission Support Division

Enclosed