UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSAMA ABDELFATTAH,<br><br>                Plaintiff,<br><br>                v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>                Defendant. | Civil Action 07-1858 (RCL) |

**MEMORANDUM OPINION**

Plaintiff *pro se* Osama Abdelfattah brings this suit against defendant U.S. Immigration and Customs Enforcement ("ICE"), alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Before the Court is ICE's renewed motion for summary judgment [Dkt. # 16]. Upon consideration of the motion, plaintiff's opposition thereto, and the record of this case, the Court concludes that the motion must be granted.

**I. FACTUAL BACKGROUND**

On August 31, 2006, the Information Disclosure Unit of ICE received an email from Abdelfattah, requesting all records about plaintiff that were held in any record system under the jurisdiction of ICE, including Treasury Enforcement Communications System (TECS) records and investigation records. Def.'s Mot. for Summ. J ("Def.'s Mot."), Decl. of Reba A. McGinnis, ¶ 5. ICE searched for records using plaintiff's name and date of birth as search criteria, and identified 113 responsive records. *Id.* ¶ 6.

In a letter dated September 15, 2006, ICE notified counsel for Abdelfattah that it would release eighty-nine pages of records, with certain information redacted pursuant to FOIA

Exemptions 2 and 7(C), and would withhold the other twenty-four pages pursuant to Exemptions 2, 5, and 7(C). *Id.* ¶ 14.

Abdelfattah filed this suit on October 15, 2007. He alleged that he had filed an administrative appeal of the redactions and withholdings, First Am. Compl. ¶ 17, but ICE moved to stay the proceedings on the grounds that the U.S. Department of Homeland Security (DHS) had not received plaintiff's appeal. Abdelfattah submitted a new appeal, which was denied on April 9, 2008. Def.'s Mot., Ex. A (Letter from Victoria Newhouse, Attorney-Advisor, DHS (Apr. 9, 2008)). DHS did, however, determine that ICE's claim to withhold certain records pursuant to Exemption 5 had been in error, and withdrew that claim. *Id.*

ICE moved for summary judgment [Dkt. # 9]. After the Supreme Court decided *Milner v. Department of Navy*, 131 S.Ct. 1259 (2011), holding that FOIA Exemption 2 was substantially smaller than the D.C. Circuit had previously understood it to be, the Honorable Henry H. Kennedy, Jr. ordered supplemental briefing. ICE reprocessed the responsive records, and released some information that had previously been withheld pursuant to Exemption 2. Def.'s Renewed Mot. for Summ. J, Decl. of Catrina Pavlik-Kennan, ¶ 11. Other information withheld under that exemption was re-classified as being withheld under Exemption 7(E). *Id.* ¶ 12. ICE filed a renewed motion for summary judgment, which is now ripe for determination.

## II.  LEGAL STANDARD

Summary judgment should be granted when the materials in the record show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a)–(c). This standard requires more than the mere existence of some factual dispute between the parties: "the requirement is that there be no genuine issue of material

fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law." *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). "An issue is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Doe v. IRS*, 706 F. Supp. 2d 1, 5 (D.D.C. 2009) (citing *Anderson*, 477 U.S. at 248).

This Court reviews a motion for summary judgment arising from an agency's decision to withhold or disclose documents under FOIA *de novo*. 5 U.S.C. § 552(a)(4)(B); *see also Mead Data Ctr., Inc. v. Dep't of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977). In responding to a FOIA request, an agency must conduct a reasonable search for responsive records. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C.Cir.1990); *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1352 (D.C. Cir.1983). Furthermore, to be entitled to summary judgment, a defendant must demonstrate that responsive documents that were not produced are exempt from disclosure, *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir.1980), and that any information redacted was either exempt from disclosure or "inextricably intertwined with" exempt information. *Mead Data*, 566 F.2d at 260 (citations and internal quotation marks omitted).

To meet its burden, a defendant may rely on relatively detailed and nonconclusory affidavits or declarations. *McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983). Such agency declarations are "accorded a presumption of good faith." *Negley v. FBI*, 169 F. Appx. 591, 594 (D.C. Cir. 2006). Summary judgment in favor of a defendant is justified if these materials "demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009).

### III.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ICE asserts that, after conducting a reasonable search, it has disclosed all responsive, non-exempt information to Abdelfattah, and that, as such, it is entitled to judgment as a matter of law. The Court understands Abdelfattah to make two arguments in response.  First, Abdelfattah argues that ICE cannot withhold any information pursuant to FOIA Exemption 7, which applies to information compiled for law enforcement purposes, because he is a law-abiding person and could not be the subject of any legitimate investigation by law enforcement authorities.  Second, Abdelfattah argues that ICE has not met its burden to show that any non-exempt information that has been withheld is not reasonably segregable from exempt information.  The Court considers these arguments in turn.

FOIA Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes" that satisfy any of five criteria.  5 U.S.C. § 552(b)(7).  Exemption 7(C), which covers information the release of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy," *id.* § 552(b)(7)(C), and Exemption 7(E), which applies to information the release of which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law," *id.* § 552(b)(7)(E), have been claimed in this case.

The threshold question is whether the information in question was in fact "compiled for law enforcement purposes." "A record is deemed to have been created or compiled for a law enforcement purpose only if (1) it arose from an investigation 'related to the enforcement of federal laws or to the maintenance of national security' (the 'nexus' requirement), and (2) 'the

nexus between the investigation and one of the agency's law enforcement duties [is] based on information sufficient to support at least a colorable claim of its rationality.'" *Simon v. U.S. Dep't of Justice*, 980 F.2d 782, 783 (D.C. Cir. 1992) (quoting *Pratt v. Webster*, 673 F.2d 408, 420–21 (D.C. Cir. 1982)).  Abdelfattah invokes the second portion of that test, arguing that ICE has not supplied sufficient facts to allow the Court to grant summary in its favor.  He is incorrect.

"[W]here an agency 'specializes in law enforcement, its decision to invoke exemption 7 is entitled to deference.'" *Lardner v. U.S. Dep't of Justice*, 638 F. Supp. 2d 14, 31 (D.D.C. 2009) (quoting *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 32 (D.C. Cir. 1998)).  However, if the agency's declarations "'fail to supply facts' in sufficient detail to apply the *Pratt* rational nexus test, then a court may not grant summary judgment for the agency." *Campbell*, 164 F.3d at 32 (citing *Quinon v. Fed. Bureau of Investigation*, 86 F.3d 1222, 1229 (D.C. Cir. 1996)).  ICE's declaration indicates that "the records at issue were compiled by ICE in the context of its investigation into suspected violations of federal immigrations or customs law." Decl. of Catrina Pavlik-Kennan, ¶ 16.  This unrebutted assertion satisfies the threshold inquiry into whether the documents were compiled for law enforcement purposes.  *See, e.g.*, *Willis v. Dep't of Justice*, 581 F. Supp. 2d 57, 75 (D.D.C. 2008); *but see Benavides v. Bureau of Prisons*, 774 F. Supp. 2d 141, 147 (D.D.C. 2011) (holding that when a declaration "neither identifies a particular individual or incident subject to an investigation nor connects a particular individual or incident to a potential violation of law," the Court cannot grant summary judgment under Exemption 7).

Abdelfattah does not dispute the FBI's claim that the redacted information "could reasonably be expected to constitute an unwarranted invasion of personal privacy," *id.* § 552(b)(7)(C), or "would disclose techniques and procedures for law enforcement investigations

or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law," *id.* § 552(b)(7)(E). ICE has redacted the names and other identifying information of federal government employees and third parties pursuant to Exemption 7(C). Decl. of Catrina Pavlik-Kennan, ¶ 17. Pursuant to Exemption 7(E), it has redacted "program codes, investigative notes, and internal instructions" which it asserts "would reveal both a law enforcement technique and an internal investigative practice and could adversely affect future investigations and operations by exposing the details and type of information the agency uses in the course of the investigation and execution of a law enforcement operation or action." *Id.* ¶ 20. Absent any argument to the contrary, the Court is satisfied that this material meets the statutory standard for redaction.

Finally, the Court turns to Abdelfattah's argument that reasonably segregable, non-exempt information has not been released. The Court first notes that Abdelfattah offers nothing but the conclusory assertion that this is so. The affidavit submitted by ICE indicates that the documents have been "reviewed line-by-line to identify information exempt from disclosure or for which a discretionary waiver of exemption could be applied." *Id.* ¶ 22. Indeed, when the documents were re-processed information that had previously been withheld from twenty-four documents was released. *Id.* ¶ 23. "[A] statement representing that a 'line-by-line- search was conducted along with a sufficiently detailed *Vaughn* index and declarations enumerating the reasons why each document was properly withheld is sufficient to fulfill the agency's obligation regarding segregability." *ViroPharma Inc. v. Dep't of Health & Human Servs.*, 2012 WL 892296, at *9 (D.D.C. Mar. 16, 2012). Because ICE has provided both, it is entitled to summary judgment.

## IV.  CONCLUSION

For the foregoing reasons, it is this 30th day of March 2012, hereby

**ORDERED** that the defendant's renewed motion for summary judgment [Dkt. # 16] is **GRANTED**.

>
> Royce C. Lamberth
> Chief Judge
> United States District Court
>         for the District of Columbia